DETERMINED IN THE

# FOURTH DEPARTMENT,

AT

# GENERAL TERM,

June, 1879.

---

JACOB GINTHER AND ISAAC A. WILE AS ASSIGNEES, ETC.,
RESPONDENTS, v. HENRY E. RICHMOND, APPELLANT.

*General assignment — power therein to the assignee to compromise claims does not vitiate it.*

A general assignment is not vitiated by the insertion of a clause therein, authorizing the assignees "to compromise or compound any claim by taking a part for the whole, where they shall deem it expedient so to do."

APPEAL by the defendant from an order denying a motion for a new trial, made on the minutes of the judge at the Monroe circuit, after a verdict for the plaintiff.

The only questions involved arise from the assignment made to the plaintiffs, for the benefit of creditors, by Ginther and Oakley. The plaintiffs claimed to recover from the defendant, as sheriff, property which came to them in virtue of such assignment, and the acceptance by the plaintiffs of the trusts reposed in them. The assignment was in the following words:

| | |
|---|---|
| GEORGE C. GINTHER AND CHARLES J. OAKLEY<br><br>TO<br><br>JACOB GINTHER AND ISAAC A. WILE. | *General Assignment.* |

This indenture, made this 29th day of July, 1878, between George C. Ginther and Charles J. Oakley, constituting the firm of "Ginther & Oakley" of Rochester, New York, of the first

part, and Jacob Ginther of Buffalo, New York, and Isaac A. Wile of said Rochester, of the second part, witnesseth :

Whereas, the parties of first part are indebted to various parties and firms in divers sums of money, which they are unable to pay in full,

Now, therefore, in consideration of the premises and of the sum of one dollar to them paid by the parties of the second part, they, the said parties of the first part, do hereby sell, assign and transfer, unto the parties of the second part, all and singular the goods, chattels, property and choses in action of every name and nature, except such property as may be exempt by law from execution, whether owned by them jointly as a firm or by each of them individually.

To hold the same unto the said parties of the second part, upon the trusts following, viz. :

First. To pay the costs and charges of these presents, and the expense of executing the trusts hereby declared.

Second. To distribute and pay the remainder of said property, and the proceeds of all sales thereof, unto and equally between all the creditors of the parties of the first part, provided, however, that if there is not sufficient funds for payment of all debts of parties of first part in full, then said debts are *to be paid pro rata*, or in proportion to their respective amounts, without distinction or preference.

The rest and residue (if any there be), after paying all said costs and debts as aforesaid, shall be paid over to parties of the first part.

The parties of the second part are hereby empowered to sell all or any part of said property, and to receive and collect all accounts and choses in action due to parties of first part, with the right to compromise or compound any claim by taking a part for the whole, where they shall deem it expedient so to do.

In witness whereof the parties of the first part have hereunto set their hands and seals the day and year first above written.

[L. S.]         GEORGE C. GINTHER,
                         CHARLES J. OAKLEY.

We hereby accept the above trust reposed in us.

Dated this 29th day of July, 1878.

                         JACOB GINTHER,
                         ISAAC A. WILE.

*D. B. Beach*, for the appellant.

*Wile & Wile*, for the respondents,

HARDIN, J.:

The assignees are given the right " to compromise or compound any claim by taking a part for the whole, when they shall deem it expedient so to do." It must be conceded that this clause confers a power and discretion upon the assignees to compromise debts in the discretion of the assignees. Does this authorize or require in express terms an illegal act to be done ? If it does not it cannot be held to invalidate the assignment. (*Benedict* v. *Huntington*, 32 N. Y., 219; *Townsend* v. *Stearns*, 32 id., 209.) Certainly the assignees are not "required" to compromise any claim. They are only given a discretion " to compromise or compound, * * * where they shall deem it expedient so to do." This discretion could be exercised as to doubtful debts, and if so exercised it would be just what assignees would, like other trustees, be authorized to do by law.

The act of 1877, section 23, chapter 466, and amendment of 1878, chapter 318, contains a provision authorizing the county court, " on such terms as it may direct," to " authorize the assignee to compromise or compound any claim or debt belonging to the estate of the debtor." * * * The use of the words " any claim" cannot reasonably be interpreted to authorize the court to give power to the assignees to compromise a good debt against a perfectly solvent debtor. Yet, such a construction of the words of the statute would be just as reasonable as the like construction of the words of the assignment before us. It is a well-settled rule of construction that such interpretation should be given to an instrument or statute as would make it consistent with innocence, and the general rules of law, in preference to one which would impute a fraudulent intent to the grantor, or defeat the general purpose and spirit of the law. (*Rapalee* v. *Stewart*, 27 N. Y., 315.) The doctrine of Lord COKE, as stated by PORTER, J., in *Townsend* v. *Stearns* (*supra*), is applicable. COKE says : " Whensover the words of a deed or of the parties without deed may have a double intendment, and one standeth with law and

right, and the other is wrongful and against law, *the* intendment *that standeth with law shall be taken.*" The 23d section of the act of 1877 also contains a provision that any authority given by the county court to compromise "shall not prevent any party interested in the trust estate from showing, upon the final accounting of such assignee, that such debt or claim was fraudulently or negligently compromised." This provision enables us to see that the authority to compromise, derived from the county court, is not conclusive in any case. This is made clear by this further provision of the section, to wit : "And the assignee shall be *charged with, and be liable for,* as part of the trust fund, *any* sum *which might or ought* to have *been collected by him.*"

This language is broad enough to establish the liability for any loss occasioned by an improper use of the authority derived from the statute, or even of the assignment, if such assignee should by its use occasion a loss to the " trust fund " of " any sum which might or ought to have been collected by him." Thus, we see that the assignee has not power, under the assignment or under the statute, to compromise any " debt or claim " in such cases as would " fraudulently or negligently " occasion loss to the trust fund.

We may, therefore, assume that the 23d section of the act of 1877 is cumulative without so deciding in this case. We may conclude that the provision quoted from the assignment does not require us to impute a fraudulent purpose on the part of the assignors, and that it does not appear " that the clause in question is in plain violation of the law." (PORTER, J., 32 N. Y., 215; *Matter of Nicholas,* 15 Hun, 317.)

It is next insisted that " the assignment is void, because it nowhere directly authorizes, empowers or requires the assignees to convert all the assigned property into money to pay debts." The words authorizing a sale of " all or any part of said property " are proper words to vest in the assignees power to sell all, if needed to pay debts ; to sell part only, if that will pay the debts. Surely if part would pay the debts in full, no creditor could have any interest in having the whole sold.

The language of the entire instrument being construed, we find, first, a transfer of the debtor's property ; second, a trust created ;

third, for the purpose of paying debts ; fourth, full power given to sell any or all of the property to fully execute the trust reposed in the assignees.   There is no intent evinced to have the assignees set up a discretion which would hinder or delay the creditors.   The words of the assignment do not justify us in imputing to the assignors any such *intent*.   We are referred to the case of *Rapalee* v. *Stewart* (27 N. Y., 310), but it has no application to this assignment.   There the language was " to be converted into cash, or *otherwise disposed* of to the best advantage," by the assignees, and it was very properly held that the intent was to authorize the assignees to sell on credit, and the assignment was held void.   No such purpose to hinder or delay creditors appears from the terms of the assignment before us.

The assignees, by accepting the trust, became obligated to carry it out, and the obvious purpose of the assignors was to authorize a sale of so much of their property as would *produce* proceeds sufficient to pay their debts in full, or to sell the whole and pay *pro rata* all of the proceeds thereof.   The duty was clearly imposed by the terms of the assignment.   The 11th section of the act of 1877 would. enable any creditor to call the assignees to account and to enforce the execution of the trust.

We must, therefore, conclude that the assignment upon its face was not fraudulent and void.   The order should be affirmed.

TALCOTT, P. J., and SMITH, J., concurred,

Order affirmed.